IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD ESCHESIRIM ONUGHA         *
         Petitioner,
   v.                                            *       CIVIL ACTION NO. WDQ-06-1988

RICHARD C. CATERISANO, et al.    *
         Respondents.
                             ***

**MEMORANDUM**

This counseled 28 U.S.C. § 2241 Petition for habeas corpus relief was filed on August 2, 2006.[1] The Petition seeks a review of (1) the final order of removal issued by an Immigration Judge ("IJ") and (2) the Board of Immigration Appeals ("BIA") decision affirming the IJ's final order and asks that Petitioner's removal from the United States be enjoined. The case was assigned to the undersigned Chambers Judge for emergency review. For reasons to follow, injunctive relief shall be denied and the Petition shall be dismissed without prejudice.

It is well-settled law that jurisdiction over a § 2241 petition lies in the federal district court whose territorial limits include the place of a petitioner's confinement or where a petitioner's custodian is located. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987); *Eltayeb v. Ingraham*, 950 F. Supp. 95, 99 (S.D. N.Y. 1997); *Chukwurah v. INS*, 813 F.Supp. 161, 168 (E.D. N.Y. 1993); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973) (§ 2241 petitions typically heard by court having

---

[1] According to the application, Petitioner is in Department of Homeland Security, Immigration and Customs Enforcement ("ICE") custody, confined in a New York facility, and is scheduled to be removed from the United States to Nigeria on August 3, 2006. Paper No. 1.

jurisdiction over petitioner's custodian). Generally, the custodian is the person having the day-to-day control over the detainee. *See Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986).

When this eleventh-hour application was filed, Petitioner had already been transferred out of Maryland for local detention in New York.[2] Consequently, his § 2241 challenge to his detention must be raised in the district court that has jurisdiction over his custodian, the superintendent or director of the detention facility in Niagra Falls, New York. Personal jurisdiction thus lies in New York, not in Maryland.

Alternatively, the undersigned finds that the Court lacks subject matter jurisdiction to review Petitioner's final order of removal. On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA." Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *See Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006). RIDA undoubtedly divests this

---

[2] The Office of District Counsel for ICE has informed Court personnel that Petitioner is confined in a facility in Niagra Falls, New York and confirms that he is subject to immediate removal..

Court of subject matter jurisdiction to review a challenge to the IJ and BIA decisions to remove Petitioner.

Accordingly, the matter shall be dismissed without prejudice. Petitioner's removal shall not be stayed. To the extent that Petitioner wishes to raise a direct challenge to his order of removal, he may file the appropriate petition in the United States Court of Appeals for the Fourth Circuit. A separate Order follows.


Date:   August 2, 2006                              /s/
                                        William D. Quarles, Jr.
                                        United States District Judge